OPINION
{¶ 1} Defendant-appellant Carrie Lane ("Lane") brings this sentence from the judgment of the Court of Common Pleas of Putnam County.
 {¶ 2} On October 6, 2004, Lane was arraigned on one count of receiving stolen property, a felony of the fourth degree. On January 21, 2005, Lane entered a guilty plea to receiving stolen property, a felony of the fifth degree. A sentencing hearing was held on January 25, 2005. At the hearing, the trial court recognized that on October 4, 2004, Lane was sentenced by the Common Pleas Court of Paulding County to a term of 45 months in prison. The trial court then sentenced Lane to serve eleven months in prison and ordered that the sentence be served consecutive to the sentence ordered by the Common Pleas Court of Paulding County. Lane appeals the sentence in this case and raises the following assignment of error.
The trial court failed to support its findings for imposing consecutivesentences.
 {¶ 3} This court notes that the State has failed to file a brief in this case. Pursuant to App.R. 18(C), this court may accept the appellant's statement of facts as correct and reverse the judgment if the brief reasonably appears to sustain such action.
 {¶ 4} Lane claims in his assignment of error that the trial court erred by not supporting its findings with its reasons. "[I]n order for a trial court to impose consecutive sentences, it must make specific findings that consecutive sentences are (1) necessary to protect the public from future crimes or to punish the offender; (2) not disproportionate to the seriousness of the offender's conduct; (3) not disproportionate to the danger the offender poses to the public; and (4) one other additional finding stated in R.C. 2929.14(E)(4) (a-c)." Statev. Eaton, 3rd Dist. No. 14-04-12, 2004-Ohio-5349 at ¶ 28. The trial court must then state its reasons for imposing consecutive sentences at the hearing. State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165,793 N.E.2d 473.
 {¶ 5} In this case, the trial court made the following findings.
At this time the Court is making a series of findings. First of all,the Court, in looking at the recidivism factor, factors, is making afinding that there has been a prior adjudication of criminal convictionsgoing back some almost 30 years; that there's been a failure to respondfavorably in the past to past sanctions; that the offender shows noremorse for the offense; that the offense was committed while undersanction, that being a court sanction.
 The Court is making a finding that the offender previously served aprison term and that the offense was committed while under probation,community control, sanction, bond, or recognizance. The Court is making afinding that in reviewing the seriousness and recidivism factors, theseriousness factors show that there is a likelihood of recidivism; thatthe offender is not amenable to an available community control sanction;that the subject was currently on parole and has violated his parole on anumber of occasions.
 The Court has reviewed the presentence report which the Court hasordered to be made part of these proceedings. At this time the Court isordering that the offender is not amenable to rehabilitation; and I'm,therefore, imposing a period of 11 months at the Ohio Department ofCorrection and Rehabilitation, plus the costs of this action. The Courtis finding that consecutive sentences are necessary to protect the publicand punish the defendant and that consecutive sentence (sic) are notdisproportionate to the conduct of the defendant and the danger that thedefendant poses to the public. The reason for that being the longcriminal history that is recited in the Court's file and the presentencereport, including what appear to be a number of felonies and similaroffenses.
 The Court is also restating the finding that this was committed whileunder post release control and that criminal history shows thatconsecutive terms are needed to protect the public from future crimes bythe defendant. I'm therefore, ordering that the 11-month sentence beconsecutive to the 45-month sentence in the Paulding County case, thatbeing Case No. 04-582, for a total of 56 months.
Sentencing Tr. 8-9. The trial court thus made all of the required findings for imposing consecutive sentences. The trial court also stated its reasons for imposing consecutive sentences, that being Lane's prior criminal record and lack of rehabilitation in the past. Having complied with the statutory requirements, the trial court did not err in sentencing Lane to consecutive sentences. The assignment of error is overruled.
 {¶ 6} The judgment of the Court of Common Pleas of Putnam County is affirmed.
Judgment affirmed.
 Cupp, P.J., and Rogers, J., concur.